IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACI L. YARBER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 11-166-GPM |
| SUSAN L. MORSE; MARKETPLACE MAGAZINE, f/k/a Marketing Matters Publishing; GROUP HEALTH PLAN; and COVENTRY HEALTH AND LIFE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the notice of removal and complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints and notices of removal to ensure that jurisdiction has been properly pleaded.

Plaintiff filed this action in state court on January 26, 2011. Her claims – 25 counts in all

– are premised on Defendants' denial of requested medical benefits. Defendant Susan L. Morse and her company, Defendant Marketplace Magazine, f/k/a Marketing Matters Publishing, were served on January 29, 2011. Defendants Coventry Health and Life Insurance Company (Coventry) and Group Health Plan (GHP) were served on February 4, 2011. On March 7, 2011, Coventry and GHP removed this action on the grounds that Plaintiff's claims are completely preempted by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), and, therefore, federal subject matter jurisdiction exists under 28 U.S.C. § 1331. As detailed below, the Court discerns procedural defects in the removal of this case, requiring Plaintiff to advise the Court whether she waives the procedural defects in the removal of this case addressed in this Order, or whether she seeks remand of the case to state court by reason of those defects in removal.

Under the federal common-law "rule of unanimity" governing removal, all defendants properly joined and served when a case is removed must consent to the removal within the time to remove. *See Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 & n.1 (E.D. Wis. 1993). Correspondingly, a removal is procedurally defective if a properly joined and served defendant fails to consent to the removal within the time to remove a case. *See Jones v. Chiarella*, Civil No. 10-421-GPM, 2010 WL 2367382, at *1 (S.D. Ill. June 11, 2010); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1062-63 (S.D. Ill. 2006) (collecting cases); *Bolden v. Summers*, 181 F. Supp. 2d 951, 953 (N.D. Ill. 2002). The unanimity rule applies in actions removed, as is the case here, in federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Darras v. Trans World Airlines, Inc.*, 617 F. Supp. 1068, 1069 (N.D. Ill. 1985); *Aguiar v. Evans*, 607 F. Supp. 1418, 1419-20 (E.D. Va. 1985); *Driscoll v. Burlington-Bristol Bridge Co.*, 82 F. Supp.

975, 984-85 (D.N.J. 1949), *citing Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900).

Here, it is apparent from the record that Defendants Morse and Marketplace Magazine had been properly joined and served when Coventry and GHP removed the case. Not only were the proofs of service filed in state court, but the state court also conducted a status hearing on March 2, 2011, ordered Plaintiff to file an amended complaint and Defendants Morse and Marketplace Magazine[1] to file answers to the amended complaint, and reset the status conference for April 5, 2011 (*see* Doc. 2-2). Clearly, these defendants remain in the case. However, the notice of removal in this case is entirely silent as to whether Morse and Marketplace Magazine join in or otherwise consent to the removal, and nothing in the record suggests that they have done so. Accordingly, the removal of this case is procedurally defective, warranting remand. The Court will direct Plaintiff to advise the Court whether she wishes that this case be remanded to state court by reason of Morse's and Marketplace Magazine's failure to join in or consent to the removal of this case, or whether she is willing to waive this procedural defect.

In addition to violating the unanimity rule, the removal of this case also violates the so-called "first-served defendant" rule. The first-served defendant rule is a corollary of the unanimity rule that holds that a defendant's failure to effect removal within thirty days of receipt of an initial pleading in a case as required under 28 U.S.C. § 1446(b) operates as a waiver of the right to remove as to all later-served defendants. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006); *Shepp v. Columbia Coll. Chicago*, No. 06 C 1069, 2006 WL 1156387, at *2 (N.D. Ill. Apr. 27, 2006); *Graft v. Alcoa*, No. 1:02-CV-01848-JDT-TA, 2003 WL 1984347, at **4-5 (S.D. Ind. Apr.

---

[1] In its order, the state court referenced "Marketing Magazine" as the defendant. This Court considers such reference to be merely a typographical error.

4, 2003); *Higgins v. Kentucky Fried Chicken*, 953 F. Supp. 266, 268 (W.D. Wis. 1997); *Runge v. Maffei*, No. 96 C 1666, 1996 WL 164383, at *2 (N.D. Ill. Apr. 2, 1996); *Scialo v. Scala Packing Co.*, 821 F. Supp. 1276, 1277 (N.D. Ill. 1993); *Ortiz v. General Motors Acceptance Corp.*, 583 F. Supp. 526, 529 (N.D. Ill. 1984). The rationale underlying the first-served defendant rule is that when a defendant who has been properly joined and served fails to effect timely removal, that defendant can no longer consent to removal by later-served defendants as required by the unanimity rule. "[A] removal petition in a multi-defendant case requires the consent of all properly-served defendants. If the first-served defendant allows the time to expire without removing, it has effectively waived its right to remove the action and can be deemed not to have consented to removal by later defendants." *Cox v. Hi-Cube Express, Ltd.*, No. 1:03-CV-1248-DFH, 2003 WL 23219936, at *2 (S.D. Ind. Dec. 31, 2003), *citing Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928, 932 (N.D. Ill. 2000) (holding that a corporation joined as a party defendant by an amended complaint could not remove an action in diversity jurisdiction, where the original defendant in the case, a subsidiary of the removing defendant, failed to effect timely removal); *see also Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066, 1068 (E.D. Wis. 2001) ("Under [the first-served defendant] rule, the time period [for removal] begins to run when the first defendant has been served, and the failure of any party to file within those thirty days precludes removal for all future defendants. The logic behind this rule is based on the concept that all defendants must consent to removal."); *Joseph v. City of Chicago*, No. 88 C 9441, 1989 WL 95813, at *2 (N.D. Ill. Aug. 11, 1989) (holding that an amendment of a complaint to join additional defendants did not authorize removal, where the initial complaint was removable but the original defendants failed to effect timely removal).

Here, as already noted, Morse and Marketplace Magazine were served in this case on January 29, 2011. Plainly, Morse and Marketplace Magazine did not remove this case within thirty

days of the date they were served with Plaintiff's complaint; therefore, the removal of this case is procedurally defective. *See Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *4 (S.D. Ill. Nov. 7, 2009) (a removal in violation of the first-served defendant rule is procedurally defective). Accordingly, the Court will direct Plaintiff to advise the Court whether she wishes that this case be remanded to state court by reason of the fact that Coventry and GHP have removed this case in violation of the first-served defendant rule, or whether she is willing to waive this procedural defect and consent to the removal.

The Seventh Circuit Court of Appeals encourages district judges to notice procedural defects in removal *sua sponte*. "District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service." *In re Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). By the same token, however, a district judge may not remand a case to state court *sua sponte* on the basis of a procedural defect in the removal of the case because such defects are waived if not objected to by a plaintiff within thirty days of removal. *See* 28 U.S.C. § 1447(c); *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *3 (S.D. Ill. July 31, 2009), *citing Continental Cas.*, 29 F.3d at 293-95; *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1006 (S.D. Ill. 2007). A plaintiff whose case finds its way into federal court via removal may wish to waive a procedural defect in removal and stay in federal court: "Ever since *Ayers v. Watson*, 113 U.S. 594, 5 S. Ct. 641, 28 L. Ed. 1093 (1885), it has been accepted that non-jurisdictional objections to removal may be waived. The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum." *Continental Cas.*, 29 F.3d at 294. "Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Having found

himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum." *Id.*, *citing* FED. R. CIV. P. 12(h)(1) (emphasis in original); *see also Dudley v. Putnam Int'l Equity Fund*, Civil No. 10-328-GPM, 2010 WL 1838255, at *4 (S.D. Ill. May 5, 2010), *quoting In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993) ("Where a removed plaintiff, by its inaction, has acquiesced in federal jurisdiction … it hardly will do for the court *sua sponte* to interfere with the parties' apparent choice of forum."). *Continental Casualty* teaches, upon noticing a procedural defect in the removal of a case, a district court "should alert the parties" to the case about the defect in removal, instead of remanding the case, so that the plaintiff or plaintiffs can make an informed decision about whether to remain in federal court. 29 F.3d at 295.

Accordingly, Plaintiff is **ORDERED** to file, on or before **March 17, 2011**, either a motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c) based upon the procedural defects in the removal of this case addressed in this Order, i.e., violation of the unanimity rule and the first-served defendant rule, or a written consent to the removal. Defendants Coventry and GHP may, but are not required to, file on or before **March 17, 2011**, an explanation, if any, for the procedural defects in the removal of this case discussed in this Order.

**IT IS SO ORDERED.**

DATED: 03/10/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge